ROBINSON, J„
dissenting..
The Court’s opinion is well-written and reflects careful research into the law "of torts. However, -it fails to convince me that summary judgment was correótly granted, and I feel obliged to respectfully dissent.
In the second paragraph of the “Facts and Procedural History” section of the majority’s opinion, one reads the following:
“Victor ¡J. Beretta, a. fellow Little League parent and former- assistant coach, did not witness the fall but observed the divot on the ground where plaintiff was injured. During, his deposition, he described the divot as roughly ‘6, 8 inches across, maybe a little wider than that’ and ‘a good 8,10 inches deep.’ Beretta also testified at his deposition that the divots were a ‘repetitive problem’ that were caused by players who would dig the toe and spikes of their baseball cleats into the ground while waiting for their turn to enter the batting cages.”
In my view, the fact that “the divots were a ‘repetitive problem’ ” and that they “were caused by players who would dig the toe and spikes of their baseball cleats into the ground” takes this case out of the ambit of the several cases cited by the majority -holding that there is no duty “where an injury occurred on property not owned by the defendant.” What radically differentiates this case from the cases cited by the majority is the fact that the Little League players “caused” the divots to come into existence — and indeed have acted in that matter so often that a witness (described by the majority as “a fellow Little League parent and former assistant coach”) characterized it as a “repetitive problem.” That being the case, it is clear to me that the Little League is no ordinary user of property owned by another! The plain blunt fact is that Tuckertown Field was changed and made more hazardous by the deliberate activities of the players “who would dig the toe and spikes of their baseball cleats into the ground while waiting for their turn to enter the batting cages.” Accordingly, considering all the relevant factors and, particularly, the principle of fairness, it is my opinion that the Little League did owe a duty of care to the plaintiff, who was a parent at the field to watch her son play Little League baseball when she was injured. See Woodruff v. Gitlow, 91 A.3d 805, 814 (R.I.2014).[1] In my judgment, the Little League had a *711 duty to warn spectators of the presence of the divots repeatedly caused.by the activities of the players as they prepared to enter the batting cages. Needless to say, if the sumnaáry judgment had been vacate ed (as I believe it should have been), the plaintiff would still have had to grapple with issues of breach and causation, not to mention credibility. I would not venture to hypothesize as to which party would prevail at a trial. I only know that the plaintiffs quest for recovery should not have been cut off short of a trial. Therefore, I respectfully record my dissent.